The Honorable Jerry E. Rose City Attorney 113 West Mountain Street Fayetteville, Arkansas 72701
Dear Mr. Rose:
This is in response to your request for an opinion on whether the records comprising a police internal affairs investigation which sustained allegations of excessive force against a police officer, are subject to disclosure under the "Arkansas Freedom of Information Act," ("FOIA"), codified at A.C.A. § 25-19-101 etseq.
You note that the investigation was completed on August 19, and that this investigation led to the termination of the officer on that same date. You also note, however, that the officer is a civil service employee and has not yet exhausted his appellate remedies before the civil service commission. In your opinion, the records should not be released until a final resolution of the officer's termination has been reached before the civil service commission. You ask my opinion on this issue and also as to whether, if this issue is resolved, there would be a "compelling public interest" in the disclosure of these records.
For the reasons that follow, it is my opinion that the records should not be released until the officer exhausts all of his administrative remedies, including those before the civil service commission. At such time as the termination is finally upheld, if indeed it is upheld, it is my opinion that there would be a "compelling public interest" in the disclosure of these records, and thus after that time, the records should be released.
The relevant code section is A.C.A. § 25-19-105(c)(1) (Adv. Code Serv. 1990-91), which governs the release of "employee evaluation or job performance records." At least one previous Attorney General Opinion has classified information contained in similar internal investigation files as a "job performance record." See
Opinion No. 89-073. This statutory subsection provides:
 However, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to pubic inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
This statute requires four things: 1) the record must be an employee evaluation or job performance record; 2) the employee must be suspended or terminated based upon the record; 3) there must be a final administrative resolution of the matter, and 4) there must be a compelling public interest in the record's release. Items one and two above have been met, but the third requirement above has not been satisfied, and as such the release of the records in question would be premature. It is my opinion, however, that if this requirement is met, the records should be released because it is my opinion that the fourth requirement, that there be a "compelling public interest" in their disclosure, has been met. In this regard, Opinion 87-115 contains the following language:
 Both the courts and the legislature acknowledge that the public has a compelling interest in seeing that its employees not only follow the law, but also the regulations by which they are to conduct their business. If that trust is breached, the public has a right to know.
It is my opinion that the facts you have presented involving the use of excessive force by a police officer evidence a grievous breach of this trust, and as such, would give rise to a compelling public interest in the disclosure of the records in question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh